UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENID GOMEZ,

Plaintiff,

vs.

GMAC MORTGAGE, LLC, AMERA MORTGAGE CORPORATION, and MORTGAGE ELECTRONIC REGISTRATION SYSTEM,

Defendants.

Case No. 10-cv-13288
Hon. Bernard A. Friedman
Magistrate: Virginia M. Morgan

---

Enid Gomez
*In Pro Per*
1320 Portia Street
Los Angeles, CA 90026
(213) 503-4111

Thomas M. Schehr (P54391)
Jennifer Boueri Chilson (P71176)
**DYKEMA GOSSETT PLLC**
*Attorneys for GMAC Mortgage, LLC and Mortgage Electronic Registration System*
400 Renaissance Center, 35th Floor
Detroit, MI 48243-1668
(313) 568-6659 or (313) 568-5331
E-mail: tschehr@dykema.com
jbouerichilson@dykema.com

---

**DEFENDANTS GMAC MORTGAGE, LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM'S MOTION TO DISMISS**

Defendant GMAC Mortgage, LLC ("GMAC") and Mortgage Electronic Registration System ("MERS") (collectively "Defendants"), through their attorneys, Dykema Gossett PLLC, move to dismiss Plaintiff Enid Gomez's ("Plaintiff") Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). As further discussed in the attached brief, Defendants are entitled to judgment because Plaintiff has failed to state a claim upon which relief can be granted.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

In accordance with E.D. Mich. LR 7.1(a), Defendants' counsel contacted Plaintiff to (i) explain the nature of this Motion and its legal basis and (ii) request concurrence in the relief sought; however, Plaintiff did not concur in the relief requested.

WHEREFORE, for the reasons stated in the accompanying brief, Defendants respectfully request this Court to (i) enter judgment in their favor dismissing all of Plaintiff's claims with prejudice; (ii) award Defendants their costs and fees, including attorneys fees incurred in having to defend this action; and (iii) grant any other relief this Court deems appropriate.

By: s/Jennifer Boueri Chilson
Thomas M. Schehr (P54391)
Jennifer Boueri Chilson (P71176)
**DYKEMA GOSSETT PLLC**
*Attorneys for GMAC Mortgage, LLC and Mortgage Electronic Registration System*
400 Renaissance Center, 35th Floor
Detroit, MI 48243-1668
(313) 568-6659 or (313) 568-5331
E-mail: tschehr@dykema.com
jbouerichilson@dykema.com

Date: November 16, 2010

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ENID GOMEZ,

Plaintiff,

vs.

GMAC MORTGAGE, LLC, AMERA MORTGAGE CORPORATION, and MORTGAGE ELECTRONIC REGISTRATION SYSTEM,

Defendants.

Case No. 10-cv-13287
Hon. Bernard A. Friedman
Magistrate: Virginia M. Morgan

---

Enid Gomez
*In Pro Per*
1320 Portia Street
Los Angeles, CA 90026
(213) 503-4111

Thomas M. Schehr (P54391)
Jennifer Boueri Chilson (P71176)
**DYKEMA GOSSETT PLLC**
*Attorneys for GMAC Mortgage, LLC and Mortgage Electronic Registration System*
400 Renaissance Center, 35th Floor
Detroit, MI 48243-1668
(313) 568-6659 or (313) 568-5331
E-mail: tschehr@dykema.com
jbouerichilson@dykema.com

---

**DEFENDANTS GMAC MORTGAGE, LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

**STATEMENT OF ISSUES PRESENTED**

1. Whether Plaintiff's Complaint fails as a matter of law because it does not meet the pleading standards necessary to withstand a motion under Federal Rule of Civil Procedure 12(b)(6)?

2. Whether Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., should be dismissed because the FDCPA is not applicable to Defendants GMAC Mortgage, LLC and Mortgage Electronic Registration System?

3. Whether this Court should dismiss Plaintiff's claim for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., because the FCRA does not allow a private cause of action for the alleged violations pleaded by Plaintiff?

4. Whether this Court should dismiss Plaintiff's claims for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*., because the claims are barred by the one-year statute of limitations?

5. Whether this Court should dismiss Plaintiff's claims for Violation of Housing and Development, 24 U.S.C. § 3500.7 (which appears to attempt to plead a cause of action under the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601, *et seq*.) because RESPA does not provide a private right of action for violations of sections 2603 and 2604?

Defendants would answer "yes."

Plaintiff Enid Gomez would answer "no." The Court should answer "yes."

**CONTROLLING AND MOST APPROPRIATE AUTHORITY**

Defendants GMAC Mortgage, LLC ("GMAC") and Mortgage Electronic Registration System ("MERS") rely on Fed. R. Civ. P. 12(b)(6), and the authorities cited in Defendants GMAC Mortgage, LLC and Mortgage Electronic Registration System's Brief in Support of Motion to Dismiss.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## TABLE OF CONTENTS

STATEMENT OF ISSUES PRESENTED ..... i

CONTROLLING AND MOST APPROPRIATE AUTHORITY ..... ii

TABLE OF AUTHORITIES ..... iv

I. INTRODUCTION ..... 1

II. PLAINTIFF'S COMPLAINT ..... 1

III. STANDARD OF REVIEW ..... 3

IV. ARGUMENT ..... 4

A. Plaintiff's Complaint Fails As A Matter Of Law Because It Fails To Meet The Pleading Standards Necessary To Withstand A Motion Under Rule 12(b)(6) ..... 4

B. Plaintiff's FDCPA Claim Fails As A Matter Of Law. ..... 5

C. Plaintiff Has Failed To State A Claim Under The FCRA. ..... 7

D. Plaintiff's Claims For Damages Under TILA Are Barred By The One-Year Statute Of Limitations. ..... 9

E. RESPA Does Not Provide A Private Cause Of Action For Violations of Sections 2603 And 2604. ..... 11

V. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aklagi v. Nationscredit Financial Services Corp.*,
196 F. Supp. 2d 1186 (D. Kan. 2002)....................7

*Ashcroft v. Iqbal*,
__ U.S. __, 129 S.Ct. 1937 (2009)....................4, 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................4

*Bresnan v. Midland Mortgage Co.*,
No. 2:09-cv-11147, Dkt. Entry 16, Opinion....................9

*Carney v. Experian Information Solutions, Inc*,
57 F. Supp. 2d 496 (W.D. Tenn. 1999)....................8

*Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*,
508 F.3d 327 (6th Cir. 2007)....................2

*Donovan v. Bank of America*,
574 F. Supp. 2d 192 (D. Me. 2008)....................8

*Found. For Interior Design Educ. Res. v. Savannah College of Art & Design*,
244 F.3d 521 (6th Cir. 2001)....................4

*Greenberg v. Life Ins. Co. of Va.*,
177 F.3d 507 (6th Cir. 1999)....................2

*In re Community Bank of Northern Virginia*,
467 F. Supp. 2d 466 (W.D. Pa. 2006)....................10

*Jarrett v. Kassel*,
972 F.2d 1415 (6th Cir. 1992)....................9

*Jones v. Saxon Mortgage, Inc*,
980 F. Supp. 842 (E.D. Va. 1997)....................10, 11

*Jones v. TransOhio Savings Ass'n*,
747 F.2d 1037 (6th Cir. 1984)....................9

*King v. Ocwen*,
No. 07-11359, 2009 WL 724062 (E.D. Mich. Mar. 18, 2009)....................6

*Marshall-Ford v. Wells Fargo Mortg.*,
No. 08-15277, 2009 WL 2849524 (E.D. Mich., Aug. 31 2009)....................11

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

*Mills v. Equicredit Corp.*,
294 F. Supp. 2d 903 (E.D. Mich. 2003).....9

*Morgan v. Church's Fried Chicken*,
829 F.2d 10, 12 (6th Cir. 1987) .....3

*Morrison v. Brookstone Mortg. Co., Inc.*,
415 F. Supp. 2d 801 (S.D. Ohio 2005) .....11

*Noel v. Fleet Finance, Inc*,
971 F. Supp. 1102 (E.D. Mich. 1997).....9

*Perry v. Stewart Title Co.*,
756 F.2d 1197 (5th Cir. 1985) .....6

*Prentis Family Found., Inc. v. Barbara Ann Karmanos Cancer Institute*,
266 Mich. App. 39; 698 N.W.2d 90 (2005).....10

*QQC, Inc. v. Hewlett-Packard Co.*,
258 F. Supp. 2d 718 (E.D. Mich. 2003).....2

*Romberger v. Wells Fargo Bank*,
No. 07-13210, 2008 WL 3838026 (E.D. Mich. Aug. 14, 2008).....6

*Scott v. Wells Fargo Home Mortgage, Inc.*,
326 F. Supp. 2d 709 (E.D. Va. 2003) .....6

*Stroud v Ward*,
169 Mich App 1; 425 NW2d 490 (1988).....10

*Weiner v. Klais & Co., Inc.*,
108 F.3d 86 (6th Cir. 1997) .....2

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

**RULES**

Fed. R. Civ. P. 10(c) .....2

Fed. R. Civ. P. 12(b)(6).....1, 3, 4

Fed. R. Civ. P. 56.....2

**STATUTES**

12 U.S.C. § 2601.....1

12 U.S.C. § 2603 .......... 11

12 U.S.C. § 2604 .......... 1, 11

15 U.S.C. § 1601, *et seq*. .......... 1

15 U.S.C. § 1640(e) .......... 9

15 U.S.C. § 1681 .......... 1

15 U.S.C. § 1681s-2(b) .......... 8

15 U.S.C. § 1681s-2(c) .......... 8

15 U.S.C. § 1692, *et seq*. .......... 1, 5

15 U.S.C. § 1692a(6) .......... 6

24 U.S.C. § 3500.7 .......... 1, 11

15 U.S.C. § 1681(b) .......... 7

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## I. INTRODUCTION

This is a consumer lending case. Plaintiff Enid Gomez ("Plaintiff") makes various conclusory allegations, without any factual support, concerning credit reporting information related to a mortgage loan transaction. Plaintiff's Complaint against Defendant GMAC Mortgage, LLC ("GMAC") and Mortgage Electronic Registration System ("MERS") (collectively "Defendants") must be dismissed for the following reasons:

**First**, Plaintiff's Complaint fails to meet the pleading standards necessary to withstand a motion under Federal Rule of Civil Procedure 12(b)(6).

**Second**, Plaintiff's claim for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., fails because the FDCPA is not applicable to Defendants.

**Third**, Plaintiff's claim for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., fails because the FCRA does not allow a private cause of action for the alleged violations pleaded by Plaintiff.

**Fourth**, Plaintiff's claims for damages under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*., must be dismissed because they are barred by the applicable one-year statute of limitations.

**Fifth**, Plaintiff's claim for Violation of Housing and Development, 24 U.S.C. § 3500.7 (which appears to attempt to plead a cause of action under the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601, *et seq*.), fails because RESPA does not provide a private right of action for violations of sections 2603 and 2604.

Therefore, Defendants request that the Court grant their Motion to Dismiss.

## II. PLAINTIFF'S COMPLAINT

This consumer lending case involves real property located at 11500 Laing Street, Detroit, MI (the "Property"). (Comp. ¶ 4, p. 2.) On September 15, 2008, Plaintiff accepted a $67,500

loan ("Loan") from Amera Mortgage Corporation ("Amera") in exchange for which she gave a mortgage on the Property ("Mortgage"). (*See* **Ex. A**, Mortgage.) Defendant MERS is identified in the Mortgage as the mortgagee, acting solely as nominee for Lender and Lender's successors and assigns. *Id*. Plaintiff also signed a note in which she promised to repay the Loan. (*See* **Ex. B**, Note.) GMAC became the servicer of the Loan on September 15, 2008. On July 8, 2010, MERS, the mortgagee as nominee for the Lender and Lender's successors and assigns, assigned the Mortgage to GMAC Mortgage, LLC. *See* **Ex. C**, Assignment.[1]

Plaintiff filed her Complaint with this Court on August 19, 2010, approximately two years after she closed on the Loan, making various allegations concerning credit reporting information related to the Loan transaction. Plaintiff's Complaint asserts causes of action under the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), Truth In Lending Act ("TILA"), and Violation of Housing and Development (which appears to attempt to allege violations of the Real Estate Settlement Procedure Act ("RESPA")). (Comp. at pp. 3-12.)

Plaintiff alleges that she never had any "contractual agreement for credit, loans, or services relationship with the Defendants, to include the original creditor as published by the

[1] "[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). A document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim[.]" *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (quoting 11 James Wm. Moore et al., Moore's Federal Practice § 56.30[4] (3d ed. 1998)). Specifically in contract cases, "if the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit," which is then considered part of the pleadings. *QQC, Inc. v. Hewlett-Packard Co*., 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (citing *Weiner v. Klais & Co., Inc*., 108 F.3d 86, 89 (6th Cir. 1997)). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document . . . ." *Weiner*, 108 F.3d at 89. Here, Plaintiff's Complaint repeatedly references the mortgage transaction that forms the basis of her claims. Accordingly, the Mortgage, Note, and Assignment should be considered a part of the pleadings and the Court may consider them without the need to convert the Motion to Dismiss into one for Summary Judgment under Fed. R. Civ. P. 56.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

following credit bureaus: Trans Union, Experian, and Equifax, which is negative and contains derogatory information regarding the Plaintiff." (Comp. ¶ 1, P. 3, Lines 7-12.) Plaintiff further claims that she does not owe "any monies to the Defendants," and that "the alleged debt in question has never been validated or proven by the Defendants upon written request to do so by the Plaintiff." (Comp. ¶ 2, P. 3.)

Specifically, Plaintiff contends that "Defendants" violated her "civil rights and the laws of FCRA and the FDCPA" because "Defendants" reported to the credit reporting agencies Experian, Trans Union, and Equifax beginning in March 2008, which is notably six months before the closing on the Mortgage transaction occurred. (Comp. ¶ 2, P. 4.) Plaintiff further asserts that "Defendant" violated the FDCPA by reporting to credit bureaus on or about September 2008. (*See*, *e.g.*, Comp. ¶ 3, P. 5; ¶ 4, P. 5; ¶ 5, P. 6; ¶ 6, P. 7.) In support of her TILA claim, Plaintiff contends that "Defendants" disclosed the incorrect "annual percentage rate" and misrepresented the "finance charge." (Comp. ¶ 1, P. 9; ¶ 1, P. 10, Lines 1-16.) Plaintiff further asserts a claim for Violation of Housing and Development (which appears to be an attempt to plead a claim under RESPA), by claiming violations with regard to the good faith estimate due to a mortgage forensic report. (Comp. ¶ 1, P. 10, Lines 21-25.)

As a result of the alleged violations, Plaintiff seeks $1,178,137 in damages.

## III. <u>STANDARD OF REVIEW</u>

A Rule 12(b)(6) motion tests the sufficiency of a plaintiff's pleading. The Court need not accept as true "legal conclusions or unwarranted factual inferences." *Morgan v. Church' s Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Instead, Rule 12(b)(6) requires that a complaint "contain something more . . . than . . . a statement of facts that merely creates a ***suspicion*** [of] a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added) (internal citation omitted). "[P]laintiff's obligation to provide the 'grounds' of

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

## IV. ARGUMENT

### A. Plaintiff's Complaint Fails As A Matter Of Law Because It Fails To Meet The Pleading Standards Necessary To Withstand A Motion Under Rule 12(b)(6).

Plaintiff's entire Complaint is a series of conclusory allegations without any factual support. As such, Plaintiff's Complaint fails to meet the pleading standings required to survive a Rule 12(b)(6) motion and should be dismissed.

It is well-established that a claimant must "allege a factual predicate concrete enough to warrant further proceedings . . . ." *Found. For Interior Design Educ. Res. v. Savannah College of Art & Design*, 244 F.3d 521, 530 (6th Cir. 2001). ***"A properly pleaded complaint requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation*.**" *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (emphasis added). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (internal quotations and citations omitted).

Here, Plaintiff has failed to state a plausible claim for relief. For example, Plaintiff fails to identify which Defendant is allegedly responsible for any of the violations outlined in the Complaint, and continuously switches between the term "Defendants" and "Defendant," without identifying which of the Defendants to whom the allegation is directed. Indeed, the background facts section of Plaintiff's Complaint contains two paragraphs, which contain conclusory denials

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

by Plaintiff regarding contractual relationships and money due and owing to "Defendants." (Comp. ¶ 1, P. 3, Lines 7-12; ¶ 2, P. 3.)

Moreover, each of the "parts" or counts of the Complaint contain broad and unsupported blanket statements that fail to identify how the alleged conduct violates any of the statutes. For example, in support of her FDCPA claim, Plaintiff merely alleges that beginning on or about March 2008 or September 2008, "Defendant" reported to Experian, Trans Union, and Equifax that "Plaintiffs" or "Plaintiff" owed an alleged debt to "Defendant." (*See, e.g.*, Comp. ¶¶ 1-6, PP. 3-8.) Plaintiff does not describe how the alleged credit reporting constitutes a violation of the FDCPA. In support of her FCRA claim, Plaintiff merely asserts that an unidentified Defendant is a furnisher of information shown in attached exhibits, and she is thus entitled to $186,000. (Comp. P. 8; Lines 10-13.) Plaintiff's TILA claim is equally devoid of any actual support in that it alleges that "Defendants" failed to disclose the correct "annual percentage rate" and finance charges, without more. (Comp. ¶ 1, P. 9; ¶ 1, P. 10) Finally, Plaintiff's Violation of Housing and Development claim cites a non-existent statute, and merely alleges that "Defendants" violated the non-existent statute by performing a mortgage forensic report. (Comp. ¶ 1, PP. 10-11)

It is precisely these types of allegations that do not withstand the Rule 12 scrutiny. *Iqbal*, 129 S. Ct. at 1949. As such, dismissal of Plaintiff's Complaint is appropriate.

**B. Plaintiff's FDCPA Claim Fails As A Matter Of Law.**

Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. fails as a matter of law because the FDCPA is not applicable to Defendants. The FDCPA provides that only debt collectors may be liable under such statute. Under the FDCPA, a "debt collector" is:

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, ***debts owed or due or asserted to be owed or due another***.... [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts….

15 U.S.C. § 1692a(6) (emphasis added). Moreover, "the law is well-settled . . . that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Scott v. Wells Fargo Home Mortgage, Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) (emphasis omitted).

A mortgage servicer, such as GMAC, is not considered a debt collector under the FDCPA unless the loan in question was in default at the time the servicer acquired its interest in the loan. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (modified on other grounds, 761 F.2d 237 (5th Cir. 1985)) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *King v. Ocwen*, No. 07-11359, 2009 WL 724062, at *4 (E.D. Mich. Mar. 18, 2009) (**Ex. D**) ("A loan servicer is not a 'debt collector,' as required to support a claim under the Fair Debt Collection Practices Act where the borrower was not in default at the time the servicer acquired its interest in the loans.")

Here, the FDCPA is not applicable to Defendants because any attempts by Defendants to collect the Loan debt from Plaintiff were efforts to collect its own account, making them statutorily exempt from liability under the FDCPA. First, MERS, as the original mortgagee, does not meet the definition of a debt collector because it was a creditor under the Mortgage and Note. *See, e.g.*, *Romberger v. Wells Fargo Bank*, No. 07-13210, 2008 WL 3838026, at *4 (E.D.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Mich. Aug. 14, 2008) (**Ex. E**) (holding that MERS, as the original mortgagor, did not satisfy the definition of a debt collector under the FDCPA because any attempt to collect on debts were to collect its own debts). Second, GMAC has been the servicer of the Loan since shortly after the closing. Thus, any attempt to collect on debts were to collect debts owed directly to it. Moreover, because GMAC has been the servicer since shortly after the closing, the Loan was not in default at the time GMAC began servicing it. Third, Plaintiff has not alleged that Defendants sent any correspondence to her in an attempt to collect a debt other than the obligations that were owed to them. *See, e.g.*, *Romberger*, 2008 WL 3838026, at *4.

Accordingly, Plaintiff's FDCPA claims should be dismissed.

**C. Plaintiff Has Failed To State A Claim Under The FCRA.**

Plaintiff's FCRA claim fails because the FCRA does not allow a private cause of action for the alleged violations pleaded by Plaintiff. The FCRA regulates the field of consumer credit reporting and governs the collection and use of consumer credit information. The statute was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 USC § 1681(b).

At its core, the "FCRA places distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Aklagi v. Nationscredit Financial Services Corp.*, 196 F. Supp. 2d 1186, 1192 (D. Kan. 2002). A "furnisher of information" is "an entity … which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies…." *See, e.g.*, *Carney v. Experian Information Solutions, Inc*, 57 F. Supp. 2d 496, 501 (W.D. Tenn. 1999).

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

GMAC[2] is regulated under the FCRA as a "furnisher of information," *i.e.*, a company that "furnishes" credit information to a consumer reporting agency. Consumers, such as Plaintiff, have no private right of action against furnishers, such as GMAC, for alleged violations of the duty to report accurate information. *See* 15 U.S.C. § 1681s-2(c) ("Except [for actions brought by officials], sections 1681n and 1681o of this title [which provide causes of action for intentional and negligent violations of FCRA,] do not apply to any violation of . . . subsection (a) of this section, including any regulations issued thereunder][.]"; *see also Donovan v. Bank of America*, 574 F. Supp. 2d 192, 205 (D. Me. 2008) ("there is no private cause of action under § 1681s-2(a). Sections 1681s-2(c) and (d) explicitly provide that only federal and state officials have authority to enforce subsection (a)."). Indeed, a "furnisher's" liability only accrues if it fails to conduct a reasonable investigation ***after*** a consumer complains to a consumer reporting agency, and ***after*** the consumer reporting agency notifies the furnisher of the complaint. *See* 15 U.S.C. § 1681s-2(b).

Here, Plaintiff's only allegations relating to the FCRA are that "Defendants" violated her "civil rights and the laws of FCRA and the FDCPA" because "Defendants" reported to the credit reporting agencies Experian, Trans Union, and Equifax, and that "Defendant is a furnisher of all the information shown in the attached exhibits within the meaning of" FCRA. (Comp. ¶ 2, P. 4; P. 8, Part 2, Lines 10-12.) As such, Plaintiff is attempting to allege the mere existence of credit reporting and claiming damages as a result. At most, Plaintiff alleges credit reporting inaccuracies, *i.e.*, claims arising from what Plaintiff believes was inaccurate information appearing on her credit reports. *Id*. Plaintiff does not allege that she complained to a consumer

[2] Although Plaintiff fails to identify which Defendant is the subject of her FCRA claim, Defendants assume the claim is directed at GMAC as it is the only party defendant identified in the credit reports attached to the Complaint.

reporting agency. Thus, Plaintiff has not stated a viable FCRA cause of action against Defendants, making dismissal of the FCRA claim appropriate.

**D. Plaintiff's Claims For Damages Under TILA Are Barred By The One-Year Statute Of Limitations.**

Plaintiff's claims for damages under TILA are based on alleged improprieties at the origination and closing of the Loan, which occurred on September 15, 2008.[3] (*See* Comp., Part 4 ¶1; Part 5, ¶ 1.) Claims for damages under TILA are subject to a one-year limitation period. 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."). Therefore, Plaintiff's claims, asserted for the first time approximately two years after the origination of the Mortgage, are time-barred.[4]

Further, there is no basis for tolling the statute of limitations. The TILA limitation period may be equitably tolled only in instances in which a potential plaintiff is unable to discover an alleged violation due to the defendant's fraudulent concealment. *Noel v. Fleet Finance, Inc*, 971 F. Supp. 1102, 1109 (E.D. Mich. 1997); *Jones v. TransOhio Savings Ass'n*, 747 F.2d 1037, 1040 (6th Cir. 1984). Specifically, "[i]n cases of fraudulent concealment, the statute of limitations can be tolled when the plaintiff demonstrates that: '(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence.'" *Mills v. Equicredit Corp*., 294 F. Supp. 2d 903, 908 (E.D. Mich. 2003) (quoting *Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir. 1992)).

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

[3] Plaintiff only seeks damages under TILA and does not request rescission.

[4] *See also Bresnan v. Midland Mortgage Co.*, No. 2:09-cv-11147, Dkt. Entry 16, Opinion and Order Granting Defendants' Motion to Dismiss, July 22, 2009 (Friedman, J.) (**Ex. F**) (dismissing TILA claim as time barred).

Therefore, Plaintiff must allege that Defendants engaged in fraud actively directed at concealing the alleged TILA violations in order for the limitation period to be tolled. *See Jones v. Saxon Mortgage, Inc*, 980 F. Supp. 842, 846 (E.D. Va. 1997) (finding, in a TILA action, that "the alleged acts of concealment . . . must amount to more than a failure on behalf of the defendant to disclose the initial fraudulent conduct. Indeed, fraudulent concealment requires some act in addition to the commission of the initial fraudulent act because it 'implies conduct . . . affirmatively directed at deflecting litigation.'") (citation omitted); *see also Stroud v. Ward*, 169 Mich. App. 1, 8; 425 N.W.2d 490 (1988) (to toll a statute of limitations on fraudulent concealment grounds, a "plaintiff is required to show some arrangement or contrivance on the part of the defendant, of an affirmative character, designed to prevent subsequent discovery.") The alleged acts that give rise to the TILA claims cannot, standing alone, also support equitable tolling. *In re Community Bank of Northern Virginia*, 467 F. Supp. 2d 466, 479 (W.D. Pa. 2006) ("[T]he fraudulent act(s) that provide the factual predicate for the claim, i.e. inaccurate loan documents, cannot also satisfy the factual predicate justifying equitable tolling.") Here, Plaintiff's Complaint contains no allegations supporting the application of the equitable tolling doctrine against either Defendant.

Plaintiff also fails to plead that she could not have discovered these alleged TILA violations. Therefore, Plaintiff ought to have discovered any viable cause of action before the expiration of the limitation period. *See Prentis Family Found., Inc. v. Barbara Ann Karmanos Cancer Institute*, 266 Mich. App. 39, 48; 698 N.W.2d 90 (2005) (finding that equitable tolling is not permitted when basis for cause of action could be determined from public records); *see also Jones,* 980 F. Supp. at 847 (holding that equitable tolling was not permitted in a TILA action

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

when it was apparent early on to the borrower that there were discrepancies between the loan terms promised and those received).

Therefore, Plaintiff's claims for damages under TILA must be dismissed as time barred.

**E. RESPA Does Not Provide A Private Cause Of Action For Violations of Sections 2603 And 2604.**

Plaintiff's claim for "Violation of Housing and Development 24 U.S.C. § 3500.7" is without merit. Because "24 U.S.C. § 3500.7" does not exist, Defendants assume Plaintiff intended to cite 24 C.F.R. § 3500.7 in an attempt to assert a cause of action under the Real Estate Settlement Procedures Act ("RESPA"). Plaintiff's Complaint alleges violations relating to the good faith estimate, which suggests an attempt to assert a cause of action under 12 U.S.C. §§ 2603 and 2604. (Comp. ¶ 1, Part 6, P. 10.)

Even if Plaintiff's allegations were properly pleaded or true, sections 2603 and 2604 do not create a private right of action for violations of these sections. *Morrison v. Brookstone Mortg. Co., Inc.*, 415 F. Supp. 2d 801, 805 (S.D. Ohio 2005) ("It is clear that there is no express cause of action created by Congress under § 2603."); *Marshall-Ford v. Wells Fargo Mortg.*, No. 08-15277, 2009 WL 2849524, at * 3 (E.D. Mich. Aug. 31 2009) (**Ex. G**) (no private right of action exists under § 2604). As such, Defendants are entitled to dismissal of this claim.

**V. <u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request this Court to (i) enter judgment in their favor dismissing all of Plaintiff's claims with prejudice; (ii) award Defendants their costs and attorneys' fees; and (iii) grant any other relief this Court deems appropriate.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

By: s/Jennifer Boueri Chilson___________
Thomas M. Schehr (P54391)
Jennifer Boueri Chilson (P71176)
**DYKEMA GOSSETT PLLC**
*Attorneys for GMAC Mortgage, LLC and Mortgage Electronic Registration System*
400 Renaissance Center, 35th Floor
Detroit, MI 48243-1668
(313) 568-6659 or (313) 568-5331
E-mail: tschehr@dykema.com
jbouerichilson@dykema.com

Date: November 16, 2010

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by first class U.S. Mail with postage fully prepaid the same to Enid Gomez, 1320 Portia Street, Los Angeles, CA 90026.

By: s/Jennifer Boueri Chilson_______
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
jbouerichilson@dykema.com
P71176