# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ENID GOMEZ, | Case Number:10-13287 |
| Plaintiff, | BERNARD A. FRIEDMAN<br>UNITED STATES DISTRICT JUDGE |
| v. | |
| GMAC MORTGAGE, LLC, AMERA MORTGAGE CORP., and MORTGAGE ELECTRONIC REGISTRATION SYSTEM, | VIRGINIA M. MORGAN<br>UNITED STATES MAGISTRATE JUDGE |
| Defendants.<br>_____ / | |
| ENID GOMEZ | Case Number: 10-13288 |
| Plaintiff, | BERNARD A. FRIEDMAN<br>UNITED STATES DISTRICT JUDGE |
| v. | |
| GMAC MORTGAGE, LLC, AMERA MORTGAGE CORP., and MORTGAGE ELECTRONIC REGISTRATION SYSTEM, | VIRGINIA M. MORGAN<br>UNITED STATES MAGISTRATE JUDGE |
| Defendants.<br>_____ / | |
| ENID GOMEZ | Case Number: 10-13442 |
| Plaintiff, | BERNARD A. FRIEDMAN<br>UNITED STATES DISTRICT JUDGE |
| v. | |
| AMERA MORTGAGE CORP., WELLS FARGO BANK, N.A., and MORTGAGE ELECTRONIC REGISTRATION SYSTEM, | VIRGINIA M. MORGAN<br>UNITED STATES MAGISTRATE JUDGE |
| Defendants.<br>_____/ | |

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS AND DENY PLAINTIFF'S MOTIONS FOR DEFAULT

Plaintiff filed three separate complaints against Defendants alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, Fair Debt Collections Act, 15 U.S.C. § 1692 *et seq.*, Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Real Estate Settlement Act, 24 C.F.R. § 3500 *et seq.*, in relation to three mortgages Plaintiff took out on three properties in Metro Detroit. With the exception of the different property addresses and the mortgage interests quoted and paid by Plaintiff, the three complaints filed are identical. In case number 10-13287, Defendants Amera Mortgage Corporation ("Amera"), GMAC, and Mortgage Electronic Registration System ("MERS") have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Case No. 10-13287, Doc. No. 5, 8). Plaintiff has filed a motion for entry of default as to Amera in case number 10-13287. (Case No. 10-13287, Doc. No. 10). In case number 10-13288, Defendants Amera, GMAC, and MERS have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Case No. 10-13288, Doc. No. 5, 14). Plaintiff has filed motions for default as to Amera, GMAC, and MERS in case number 10-13288. (Case No. 10-13288, Doc. No. 7, 11). In case number 10-13442, Amera has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)6) but Well Fargo and MERS have not.[1] (Case No. 10-13442, Doc. No. 6). Plaintiff has filed a motion for default as to Amera in case number 10-13442. (Case No. 10-13442, Doc. No. 8).

For the reasons discussed below, the court recommends that Defendants' motions to dismiss be **GRANTED** and Plaintiff's motions for default be **DENIED**.

---

[1]For clarity, the court notes that MERS is represented by the mortgage servicer in each case. Accordingly, GMAC filed motions to dismiss on behalf of MERS in case numbers 10-13287 and 10-13288 but Wells Fargo has not filed a motion to dismiss on behalf of itself or MERS in case number 10-13442.

**I. Background**

On September 15, 2008, Plaintiff secured two mortgages from Amera: 1) one for $71,000 to refinance real property located at 11994 Whitehall Street, Detroit, Michigan, which is the subject of case number 10-13287; and 2) one for $67,500 to refinance real property located at 11500 Laing Street, Detroit, Michigan. Amera sold the Whitehall and Laing mortgages to GMAC shortly thereafter.

On December 23, 2008, Plaintiff secured a third mortgage from Amera to refinance real property located at 21337 Redmond Avenue, Eastpointe, Michigan. Amera sold the Redmond mortgage to Taylor, Bean & Whitaker Mortgage Corporation on January 5, 2009.

Plaintiff alleges generally in her complaint that she did not contract with any of the Defendants for a mortgage and "the alleged debt in question has never been validated or proven by the Defendants upon written request to do so by Plaintiff." (Compl. p. 3).[2] More specifically, Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act reporting to the credit bureaus that Plaintiff owes the mortgages at issue in this case and an unspecified Defendant provided false information to the credit bureaus about the debts. (Compl. p. 3-5). Plaintiff also alleges that an unspecified Defendant violated the Fair Credit Reporting Act by furnishing incorrect information to the credit bureaus. (Compl. p. 8). Plaintiff further alleges that Defendants violated the Truth in Lending Act by disclosing a lower interest rate than the interest rate that she was later charged and misrepresenting the finance charge. (Compl. p. 9-10). Lastly, Plaintiff alleges that Defendants violated Title 24 U.S.C. § 3500.7 by failing to disclose a good faith estimate of the

---

[2]Unless otherwise noted, "Compl." refers to all three complaints Plaintiff filed before the court, as they are identical with the exception of the real property addresses and the annual percentage interest rates on the loans.

"amount or range of charges" related to the mortgage. (Compl. p. 10).

In all three complaints, Plaintiff seeks damages in the amount of $1,178,137. (Compl. p. 12).

**II. Amera, GMAC, and MERS' Motions to Dismiss**

Amera has filed motions to dismiss in all three cases. GMAC and MERS have filed motions to dismiss in the two cases in which the entities are co-defendants, Nos. 10-13287 and 10-13288. All of the motions to dismiss advance similar arguments, namely that the statutes under which Plaintiff brings her claims are not applicable to Amera, GMAC, and MERS or Plaintiff's claims are time-barred. In addition, GMAC and MERS argue that Plaintiff's complaint, on its face, does not meet the pleading requirements necessary to withstand a motion to dismiss.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 545 (2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

Turning first to the overarching argument that Plaintiff has not pled sufficient facts to "state a claim for relief that is plausible on its face," *Iqbal*, 129 S.Ct. at 1949, the court finds that Plaintiff's

complaint cannot survive a motion to dismiss because her factual allegations do not "raise a right to relief . . . ." *Twombley*, 550 U.S. at 545. Plaintiff's complaint is filled with general, non-specific accusations. Plaintiff did not identify the Defendants by name in the complaint, but refers to Amera, GMAC, and MERS generally as "Defendants" and, at times, she levels allegations against a singular defendant without specifying the defendant in question. Also, Plaintiff's description of the conduct she alleges occurred is devoid of facts such that this court is unable to envision a factual scenario that supports her legal claims. In addition, Plaintiff makes legal conclusions that are not supported by factual recitations. This court appreciates that Plaintiff is a *pro se* litigant. However, Plaintiff's *pro se* status does not excuse Plaintiff from detailing the factual basis for her claims. Plaintiff asked this court for an opportunity to amend her complaint, however, as discussed below, no amount of factual development would change the fact that the statutes Plaintiff has based her lawsuit upon are not legally applicable to Defendants or the time in which she could have sued Defendants for violations has passed. Plaintiff's complaints, on their face, do not contain facts sufficient to state claims upon which relief can be granted. For that reason alone, the court recommends that Plaintiff's complaints be dismissed.

Alternatively, the court recommends that Plaintiff's complaints be dismissed as to Amera, GMAC, and MERS because Plaintiff's legal claims are unsustainable against these Defendants.

Amera, GMAC, and MERS collectively argue that Plaintiff has failed to state a claim under the Fair Debt Collection Practices Act ("FDCPA") because Plaintiff has not pled that Amera, GMAC, or MERS is a "debt collector" as defined by the FDCPA. (Case No. 10-13287, Doc. No. 5, Amera's Mot. 8, Doc. No. 8, GMAC and MERS Mot. 5-6; Case No. 10-13288, Doc. No. 5, Amera's Mot. 8; Doc. No. 14, GMAC and MERS Mot. 5-6; Case No. 10-13442, Doc. No. 6,

Amera's Mot. 8).

"The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, ___ U.S. ___, 130 S.Ct. 1605, 1606 (2010). A "debt collector" includes people "who regularly collects or attempts to collect, directly or indirectly, debts owed [to] . . . another." 15 U.S.C. §1692a(6). The statue excludes certain persons from the definition of "debt collector":

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F).

The FDCPA is "directed solely to the conduct of debt collectors, not creditors, and a creditor means any person to whom a debt is owed." *Bridge v. Ocwen Fed. Bank*, 669 F. Supp.2d 853, 857 (N.D. Ohio 2009) (citing 15 U.S.C. § 1692a(4), (6)). "A creditor is not a debt collector for purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts." Montgomery v. Huntington Bank, 346 F.3d 693, 699 (6th Cir. 2003). *See also Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir.1996) (holding that "a debt collector does not include the consumer's creditors").

The court recommends that Plaintiff's FDCPA claim be dismissed as to Amera, GMAC, and MERS. Plaintiff has not made any allegations that could lead this court to conclude that Amera, GMAC, or MERS is a debt collector as defined in the FDCPA. Plaintiff has not made allegations that Amera, GMAC, or MERS "regularly collects or attempts to collect, directly or indirectly, debts

owed [to] . . . another." 15 U.S.C. §1692a(6). Indeed, Plaintiff FDCPA claim contains only allegations that an unspecified Defendant reported "false, deceptive, and/or misleading information" regarding the mortgages to the credit bureaus. (Compl. p. 3-8). There is absolutely no allegations that Amera, GMAC or MERS acted as a debt collector, as defined by the FDCPA. In addition, even if Plaintiff had alleged that Amera, GMAC, and MERS had made attempts to collect on the mortgages, she still could not bring a claim under the FDCPA because the statute only governs third-party debt collectors, not creditors. From the mortgage documents provided by GMAC,[3] it is apparent that Amera was the mortgage originator, GMAC was the mortgage servicer, and MERS was the mortgagee, which means that these Defendants are creditors, not debt collectors. (Case No. 10-13287, Doc. No. 8, GMAC and MERS Mot. Exs. A, B, C; Case No. 10-13288, Doc. No. 14, GMAC and MERS Mot. Exs. A, B, C). In sum, because Plaintiff has not alleged that Amera, GMAC, and MERS are debt collectors or acted as third-party debts collectors, Plaintiff's FDCPA claim should be dismissed as a matter of law.

Amera, GMAC, and MERS next argue that Plaintiff's Fair Credit Reporting Act ("FCRA") claim should be dismissed because FCRA does not provide for a private cause of action for the violations pleaded by Plaintiff. (Case No. 10-13287, Doc. No. 5, Amera's Mot. 9-11, Doc. No. 8, GMAC and MERS Mot. 7-9; Case No. 10-13288, Doc. No. 5, Amera's Mot. 9-11; Doc. No. 14, GMAC and MERS Mot. 7-9; Case No. 10-13442, Doc. No. 6, Amera's Mot. 9-11).

In her complaint, Plaintiff alleges that she is a consumer, as defined by FCRA, and

---

[3]The Mortgage, Note, and Mortgage Assignment are incorporated by reference in the complaint and, even though Plaintiff did not attach the documents to the complaint, the court will consider them to be part of the pleadings because the documents are central to Plaintiff's claims. *See e.g.*, *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

7

"Defendant [sic] is the furnisher of all the information as shown in the attached exhibits within the meaning of the Fair Credit Reporting Act. . . ." (Compl. p. 8). Plaintiff does not elaborate further, and the factual basis of her claim is unclear. The court surmises that Plaintiff is alleging that Amera, GMAC, and MERS violated their duty as furnishers of information to the credit reporting bureaus in an unspecified manner.

FCRA requires furnishers of credit information to report accurate information to consumer reporting agencies regarding a consumer's credit. 15 U.S.C. § 1681s-2(a)(1)(A). The statute also imposes additional duties on a furnisher, which are triggered by the receipt of notice from a credit reporting agency that a consumer disputes the information a furnisher has provided. 15 U.S.C. § 1681s-2(b)(1)(A)-(D). Once the furnisher receives notice of a dispute, the furnisher is then required to: (1) investigate the veracity of the disputed information; (2) review the information provided by the credit reporting agency; (3) report the results of the investigation; and (4) correct any inaccuracies uncovered by the investigation. 15 U.S.C. § 1681s-2(b)(1)(A)-(D).

Assuming, for the sake of argument, that Amera, GMAC, and MERS are all furnishers of credit information, Plaintiff's claim is unsustainable as a matter of law. Plaintiff has not alleged that she notified the credit reporting agencies of an inaccuracies on her credit report. Also, Plaintiff has not alleged that Amera, GMAC, or MERS received notice of the disputed information and failed to investigate, review, report or correct as required by 15 U.S.C. § 1681s-2(b)(1)(A)-(D). Plaintiff, therefore, has not stated a claim under FCRA, and this count should be dismissed as to Amera, GMAC and MERS.

Plaintiff's Truth in Lending Act ("TILA") claims should be dismissed on the ground that it

is barred by the statute of limitations.[4] Plaintiff alleges that Defendants violated TILA by misstating the annual percentage rate of the mortgage and misrepresenting the finance charge. (Compl. p. 8-9). Even assuming these allegations to be true, Plaintiff's claims are time-barred by the one-year statute of limitations, which begins to run on the day of the occurrence of the violation. *See* 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of occurrence of the violation."). Plaintiff closed on the mortgages at issue on September 15, 2008 and December 23, 2008 and her complaints were all filed in 2010, well outside the one-year statute of limitations. Moreover, Plaintiff has not alleged any facts suggesting to this court that a tolling of the statute of limitations period is warranted. Accordingly, Plaintiff's TILA claims should be dismissed as to Amera, GMAC, and MERS.

Amera, GMAC, and MERS also argue that Plaintiff's RESPA claim be dismissed because the statute does not provide for a private cause of action for violations of 12 U.S.C. § 2604, which requires a lender to provide borrowers with an informational booklet and good faith estimate of the charges the borrower is likely to incur. (Case No. 10-13287, Doc. No. 5, Amera's Mot. 12, Doc. No. 8, GMAC and MERS Mot. 20; Case No. 10-13288, Doc. No. 5, Amera's Mot. 12; Doc. No. 14, GMAC and MERS Mot. 20; Case No. 10-13442, Doc. No. 6, Amera's Mot.12).

Plaintiff alleges that Defendants violated "Title 24, USC section 3500.7, Good Faith estimate which states Lender to provide all applicants for a federally related mortgage loan with a good faith estimate of the amount of or range of charges." (Compl. p. 10). The court assumes that Plaintiff meant to rely on 24 C.F.R. 3500.7, a federal regulation related to RESPA, as 24 U.S.C. § 3500.7 is

---

[4]Plaintiff seeks only money damages, not recission.

nonexistent. 24 C.F.R. 3500.7 does require lenders to provide a good faith estimate of charges to comply with 12 U.S.C. § 2604. However, there is no right to file a private civil action for a violation of 12 U.S.C. § 2604, or any related regulation, such as 24 C.F.R. 3500.7. *Marshall-Ford v. Wells Fargo, Mortg.*, No. 08-15277, 2009 WL 2849524, at * 3 (E.D. Mich. Aug. 31, 2009) (Rosen, C.J.); *Morrison v. Brookstone Mortgage Co.*, 415 F .Supp.2d 801, 806 (S.D.Ohio 2005) ("In the Court's view, the fact that Congress did not include a remedy provision for disclosure requirements made under § 2603 or § 2604 strongly suggests that no such remedy should be implied."); *Johnson v. Equity Title & Escrow Co.*, 476 F. Supp.2d 873, 883 (W.D. Tenn. 2007) ("[N]o private right of action exists for violations of § 2604(c)."). Plaintiff's claim based on this section of RESPA and the corresponding regulation should, therefore, be dismissed.

## IV. Plaintiff's Motions for Default

Plaintiff has filed motions for default in all three cases. In case number 10-13287, Plaintiff filed a motion for default against Amera on October 4, 2010. (Case No. 10-13287, Doc. No. 10). In case number 10-13288, Plaintiff filed motions for default against Amera, on October 4, 2010, and against GMAC and MERS on October 22, 2010. (Case No. 10-13288, Doc. No. 7, 11). In case number 10-13442, Plaintiff filed a motion for default against Amera. (Case No. 10-13442, Doc. No. 8). Amera, GMAC, and MERS have filed responses to the motions for default. Also, the court heard oral argument on these motions on December 8, 2010. As the court indicated on the record, Plaintiff's motions for default should be denied.

Plaintiff filed complaints in case number 10-13287 and 10-13288 on August 19, 2010. The summons were issued on September 2, 2010 and the complaints were served on September 7, 2010. On September 29, 2010, Amera filed motions to dismiss in both cases, which Amera admits was two

10

days after the 21-day time period to answer expired. GMAC also admits that its motion to dismiss in case number 10-13288, was filed after the expiration of the 21-day answer period. Nonetheless, the court finds that Defendants inadvertently missed the answer deadline and that this admitted error did not prejudice Plaintiff. Therefore, the court recommends that Plaintiff's motions for default be denied.

## V. Conclusion

For the reasons discussed above, the court recommends the following:

1. In case number 10-13287, Amera, GMAC, and MERS motions to dismiss be **GRANTED**. (Case No. 10-13287, Doc. No. 5, 8) and Plaintiff's complaint be dismissed with prejudice as to Amera, GMAC and MERS.

2. Plaintiff's motion for entry of default as to Amera in case number 10-13287 be **DENIED**. (Case No. 10-13287, Doc. No. 10).

3. In case number 10-13288, Amera, GMAC, and MERS' motions to dismiss be **GRANTED** and Plaintiff's complaint be dismissed with prejudice as to Amera, GMAC and MERS. (Case No. 10-13288, Doc. No. 5, 14).

4. Plaintiff's motions for default as to Amera, GMAC, and MERS in case number 10-13288 be **DENIED**. (Case No. 10-13288, Doc. No. 7, 11).

5. In case number 10-13442, Amera's motion to dismiss be **GRANTED** and Plaintiff's complaint be dismissed with prejudice as to Amera. (Case No. 10-13442, Doc. No. 6).

6. Plaintiff's motion for default as to Amera in case number 10-13442 be **DENIED**. (Case No. 10-13442, Doc. No. 8).

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan<br>
Virginia M. Morgan<br>
United States Magistrate Judge

Dated: December 15, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Enid Gomez via the Court's ECF System and/or U. S. Mail on December 15, 2010.

s/Jane Johnson<br>
Case Manager to<br>
Magistrate Judge Virginia M. Morgan